Martin, J:
delivered the opinion of the court* The plaintiffs’ counsel contends that lie has she vn that the > obacco was their property, that Allen, Stockton & co. were their agents and consigned it to the defendants, restricting them to sell it at twelve cents and a half per pound, and that as they sold it for ten cents, the plaintiffs have lost two cents and a half per pound, which it is the object of the present suit to recover.
*67 As no specific cáuse of action was allnlged in the petition, other than the non payment of an undescript claim, the evidence ought, at least, to have established the plaintiffs’ right to a recovery, the general issue having been pleaded. That the plaintiffs were, in any manner interested in this shipment of tobacco, we are left to ^presume from the* circumstance-of Sterling Allen* having, as their agents,⅞ made: the necessary affidavit, in order to procure the writ of attachment. The conclusion is far from being strictly logical. He might have hecome their agent since the cause of action arose : even for the solé purpose of instituting the suit. Admitting him, however, to have been the plaintiffs’. agent ab initio, does it follow as a necessary consequence-that every transaction and consignment of his is for the account of these, his principals ? AreAl-so all t'ie- transactions and consignments of Stockton» Allen & co. for the account of the plaintiffs? If they be not, how is this /consign-me ut of tobacco to be distinguished from the rest, ?
But admitting all these queries to be properly answered in the affirmative, it is far from being clear that the defendants have been guilty of any, deviation from the orders of the consignees. These gentlemen gave no positive instructions, except th# the sale of the tobacco should not he *68 delayed, if twelve cents and a half could be obtained on its arrival. They do not desire it, that if that price cannot be obtained then, and, after waiting a reasonable time, there be no hope of obtaining that price, the consignees may not sell under-it.
With these instructions the defendants complied. The tobacco was shipped in May, and no sale took place until October. At first, they had been directed to credit Gardner & Center with the net proceeds of the tobacco. After-wards, the consignors procured these gentlemen’s draft, at sixty days, for the probable amount of these proceeds, on the defendants, who accented it. It is true, the consignors’ letter, accompanying the tobacco, communicated their hope that the article being of a good quality would sell well: and the restriction from delaying the sale, if on its arrival twelve cents and a half could be procured, is evidence of the consignors expectation that this price would be obtained. The draft, which was afterwards procured on the defendants, is presented by their counsel, as an evidence of the waiver of any previous restriction as to price. This court is not prepared to say that the draft could be considered as the waiver of any positive direction (if any had existed) not to sell below a certain price, but we *69 are ready to say that when no positive restriction exists, a draft for the proceeds of the consignment, justifies a sale, in order to meet it, altho’ without, it, prudence and the state of the market might demand a further delay.
No allegation of fraud or misconduct in the defendant is made. It is not shewn that the interests of the consignors would have been promoted by a delay, nor, that at any time, till the inception of the present suit or since a greater price could have been obtained.
It appears to us that the district court erred in giving judgment against the defendants. This being the case, that against the party intervening, as a claimant, cannot be supported.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendants and claimant, and that the plaintiffs and appellees pay all costs in both courts.